### HANLEY v. RAP–I–DOL DISTRIBUTING CORPORATION et al.

District Court, S. D. New York.
Jan. 16, 1946.

Michael H. Grae, of St. George, N. Y., for plaintiff.

John W. Trapp, of New York City, for defendants.

HULBERT, District Judge.

Plaintiff moves for an order directing the Clerk of this Court to submit to the plaintiff, or her attorney, the stenographic minutes taken at the trial of this action now in his possession, for the purpose of completing the typewritten record in this case, the same to be thereafter returned to the Clerk of this Court.

The defendant manufactures and distributes a hair dye which the plaintiff purchased and applied to her hair and claims that a dermatitis developed and she sued to recover damages for the resulting injury.

The case was tried to the Court and a jury, terminating on Oct. 22, 1945 in a verdict in favor of the defendant.

From the judgment thereon entered the plaintiff appealed to the U. S. Circuit Court of Appeals, 2nd Circuit.

The stenographic minutes supplied by the Court Reporter to the defendant consists of 596 pages; a copy thereof was furnished to the trial Judge and thereafter filed with the Clerk of the Court. The remainder of the stenographic minutes which have not been transcribed would produce approximately 350 additional pages for which the Reporter's charge is 40 cents per page.

The preparation and filing of the record on appeal to the Circuit Court of Appeals is regulated by Federal Rules Civil Procedure, rule 75, 28 U.S.C.A. following § 723c.

On an application made by plaintiff to the Appellate Court an order was made granting her leave to present and argue the case upon a typewritten record and typewritten briefs, but that Court declined to direct the defendant to furnish the plaintiff with its copy of the stenographic minutes. Hence this motion.

Since the Court of Appeals has dispensed with the printing of the record, the procedure, as this Court understands it to be, is that the appellant must submit three copies of the typewritten record.

That portion of the record on file in the Office of the Clerk is a public document. The defendant has a right to require that a transcript of all of the stenographic minutes be certified by the Clerk. The plaintiff's counsel stated on the argument of the motion that he would procure the balance of the record which should be filed with the Clerk. If and when he does that, this Court perceives no reason why the Clerk should not be authorized to deliver the stenographic minutes to the plaintiff's attorney for the purpose of enabling him to make three copies thereof and return the original to the Clerk.

Motion granted as above indicated. Settle order on notice.